HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHARON ROBINSON, | CASE NO. C17-5933 RBL |
| Plaintiff, | ORDER ON APPLICATION TO PROCEED IFP |
| v. | |
| EMERALD QUEEN CASINO HOTEL, et al. | |
| Defendant. | |

THIS MATTER is before the Court on Plaintiff Sharon Robinson's application to proceed *in forma pauperis* [Dkt. 1]. Robinson has attached to her IFP application a proposed complaint against Emerald Queen Casino Hotel and fifteen individual Emerald Queen Casino employees. Robinson appears to allege Defendants have engaged in employment discrimination, sexual harassment, and wrongful termination.

**I. LEGAL STANDARD**

A district court may permit indigent litigants to proceed *in forma pauperis* upon completion of a proper affidavit of indigency. *See* 28 U.S.C. § 1915(a). The Court has broad discretion in resolving the application, but "the privilege of proceeding *in forma pauperis* in civil actions for damages should be sparingly granted." *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir.

1963), *cert. denied* 375 U.S. 845 (1963). Moreover, a court should "deny leave to proceed *in forma pauperis* at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit." *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1369 (9th Cir. 1987) (citations omitted); *see also* 28 U.S.C. § 1915(e)(2)(B)(i). An *in forma pauperis* complaint is frivolous if "it ha[s] no arguable substance in law or fact." *Id.* (citing *Rizzo v. Dawson*, 778 F.2d 527, 529 (9th Cir. 1985); *see also Franklin v. Murphy*, 745 F.2d 1221, 1228 (9th Cir. 1984). If the Court grants a plaintiff's application to proceed *in forma pauperis*, the Court can order the U.S. Marshal's Service or the Clerk's Office to serve the summons and complaint on each defendant listed in the complaint. *See* Fed. R. Civ. P. 4(c)(3); Local Rules, W.D. Wash. 4(c); *see also Pro Se* Guide to Filing Your Lawsuit in Federal Court, U.S. District Court, W.D. Wash., at 22–23 (*available at* http://www.wawd.uscourts.gov/representing-yourself-pro-se).

A *pro se* Plaintiff's complaint is to be construed liberally, but like any other complaint it must nevertheless contain factual assertions sufficient to support a facially plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim for relief is facially plausible when "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

## II. ANALYSIS

To proceed with her lawsuit without having to pay the required filing fee, Robinson must demonstrate that (1) she has a financial hardship (through a declaration or affidavit of indigency) and (2) that her lawsuit is not frivolous.

Robinson's IFP application suggests that although she is not currently employed, Robinson has a monthly income slightly in excess of her monthly expenses. Robinson's

application indicates that if she saves for two months she will be able to cover the required filing fee. The Court finds that her ability to pay the filing fee is a close question. Even if the Court were inclined to find that Robinson's financial situation qualifies her for IFP status, the Court must also address whether or not her complaint is frivolous.

Much of Robinson's disjointed complaint appears to revolve around a personal dispute between Robinson and another Emerald Queen Casino employee who was romantically involved with Robinson's former boyfriend. Construing Robinson's complaint liberally, she also appears to allege employment discrimination, sexual harassment, and wrongful termination. Although the Court is not prepared at this early juncture to conclude that Robinson's lawsuit is frivolous, there are several deficiencies that preclude the Court from granting Robinson's IFP application:

- Unlike state courts, which are courts of general jurisdiction, federal courts have limited jurisdiction and do not hear cases that are exclusively made up of state law claims. Here, Robinson cites to several state laws that she alleges Defendants have violated (i.e. RCW 51.48.025; RCW 10.14.020; RCW 49.60.040). Robinson, however, fails to articulate the federal statutes, federal treaties, or provisions of the U.S. Constitution that are at issue in this case which would allow this Court to exercise its federal question jurisdiction.

- Robinson's complaint does not clearly identify the individual employee defendants. Ten of the fifteen individual defendants are only identified by their first name, or in one case by the physical description "Extra Blonde." Even if the Court were to grant Robinson's IFP application, there is insufficient identifying information in the complaint for the Clerk of Court to serve a copy of the summons and complaint on the individual defendants in order to put them on notice of the lawsuit.

Because of these deficiencies, the Court cannot conclude that it has jurisdiction over Robinson's lawsuit, or that she is indigent and brings non-frivolous claims. Accordingly, Robinson's application to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE**.

Robinson may either pay the filing fee, or alternatively, she may amend her complaint to correct the deficiencies described by the Court above. If Robinson elects to amend her complaint, she must provide additional information including: (1) what federal laws, treaties, or rights under the U.S. Constitution give this Court jurisdiction over her lawsuit; (2) as much identifying information as possible (i.e. full names) with respect to the individual defendants; and (3) specifically, what acts or misconduct each defendant is alleged to have engaged in. Robinson is encouraged to consult the *Pro Se* Guide to Filing a Lawsuit in Federal Court. If Robinson makes sufficient amendments to her complaint by December 15, 2017, the Court will reconsider her IFP application.

### III. CONCLUSION

- Robinson's application to proceed *in forma pauperis* is **DENIED WITHOUT PREJUDICE.**
- The Clerk shall send Robinson a copy of this order as well as the *Pro Se* Guide to Filing a Lawsuit in Federal Court.

IT IS SO ORDERED.

Dated this 16th day of November, 2017.

Ronald B. Leighton
United States District Judge